NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DION KIRK HUMPHREY, <br><br>　　　　Plaintiff - Appellant, <br><br> v. <br><br> RENEE STRAUBE, Protective Service Specialist 1; JULIETTE ROSADO; ALASKA OFFICE OF CHILDRENS SERVICES INC.; NORTH STAR BEHAVIORAL HEALTH, <br><br>　　　　Defendants - Appellees. | No.　25-1140 <br><br> D.C. No. 3:22-cv-00009-SLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted May 26, 2026[**]

Before:　S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Dion Kirk Humphrey appeals pro se from the district court's judgment in his

42 U.S.C. § 1983 action alleging a violation of family integrity by judicial

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deception, in violation of the Fourth and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Adams v. Cnty. of Sacramento*, 143 F.4th 1027, 1031 (9th Cir. 2025). We affirm.

The district court properly dismissed Humphrey's claims against North Star Behavioral Health and Juliette Rosado because Humphrey failed to allege facts sufficient to show that these defendants were acting under color of state law for purposes of § 1983. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (setting forth elements of a § 1983 claim, including that the defendant be acting under color of state law).

The district court properly dismissed Humphrey's claims against Renee Straube because Humphrey failed to allege facts sufficient to show that Straube violated his right to familial association by judicial deception. *See Scanlon v. County of Los Angeles*, 92 F.4th 781, 799 (9th Cir. 2024) (requiring plaintiff to allege a misrepresentation or omission, made deliberately or with reckless disregard for the truth, that was material to the judicial decision).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Ind. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

**AFFIRMED.**